NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KYRIE FRIERSON,                     :
                                    :
    Plaintiff,                      :     Civil Action No. 14-5554 (SRC)
                                    :
    v.                              :     **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
    Defendant.                      :
_____ :

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Kyrie Frierson ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded for further proceedings in accordance with this opinion.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 27, 2010. A hearing was held before ALJ Michal L. Lissek (the "ALJ") on October 11, 2012, and the ALJ issued an unfavorable decision on February 21, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of February 21, 2013, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, and that she was unable to perform her past relevant work as a store manager.  At step five, the ALJ obtained the testimony of a vocational expert, and determined that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ improperly evaluated the medical evidence; 2) the ALJ erred at step three; 3) the ALJ erred in finding that Plaintiff retained the residual functional capacity to perform sedentary work; and 4) at step five, the ALJ erred by failing to include all of Plaintiff's limitations in the hypothetical presented to the vocational expert.  Because this Court finds that the step three determination must be vacated, it need not reach the other arguments.

Plaintiff contends that ALJ's decision at step three that she did not meet the criteria for any listed impairment is not supported by substantial evidence.  The ALJ's step three analysis consists of a single sentence which states that Plaintiff did not meet or equal any of the Listings. (Tr. 14.)

Plaintiff contends that she met the listing criteria for several listed impairments.  First, Plaintiff contends that the ALJ erred in regard to Listing 1.02, which states:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

2

> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

As to Listing 1.02A, Plaintiff argues that the record contains medical evidence that demonstrates that she has gross anatomical deformity of the hips. The Court makes two observations. First, the record does contain medical records relating to Plaintiff's hips, but they are not amenable to understanding by a lay reader; this Court has no idea whether or not they provide evidence of gross anatomical deformity of the hips. Second, the Commissioner, in opposition, does not dispute Plaintiff's claim of gross anatomical deformity of the hips. Rather, the Commissioner disputes only that the evidence shows an inability to ambulate effectively, as required by Listing 1.02A. Both parties point to particular evidence of record to support their positions on this point.

Had the ALJ's decision reviewed the medical evidence relevant to Listing 1.02, this Court could examine the record to determine whether the ALJ's decision is supported by substantial evidence. Since the ALJ did not expressly address Listing 1.02, the ALJ's decision is not amenable to meaningful review. The only real question at this juncture is whether or not this was harmless error. If Plaintiff has pointed to no evidence of record that could prove an inability to ambulate effectively, the omission must be harmless. Plaintiff points to her own testimony, however, that she can walk no more than "50 to 100 steps" without significant pain and difficulty. (Tr. 43.) This is sufficient to support a conclusion that she is unable to ambulate effectively, and so this Court cannot conclude that the ALJ's omission of consideration of Listing 1.02A was harmless error. Based on the evidence of record, as well as the fact that the

3

Commissioner did not dispute Plaintiff's assertion of gross anatomical deformity of the hips, this Court finds that the ALJ's determination at step three is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

The present case is on all fours with Burnett.  In Burnett, at step three, the ALJ had made only a summary statement that the claimant did not meet or equal any listed impairment.  Id. The Third Circuit considered the record and concluded:

> [T]he ALJ's conclusory statement in this case is similarly beyond meaningful judicial review. Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Burnett's "severe" impairment does not meet or is not equivalent to a listed impairment.  On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why Burnett's back and knee impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments.

Id. at 119-20 (citations omitted).  In the instant case, at step two, the ALJ found the following severe impairments: "ulcerative colitis, Crohn's Disease, back pain, neck pain, hip pain, obesity and bilateral carpal tunnel syndrome."  (Tr. 13.)  On this record, the ALJ's conclusory statement at step three is beyond meaningful judicial review.  The ALJ's decision will be vacated and the case remanded so that the ALJ, at step three, can provide an analysis of whether and why Plaintiff's severe impairments are or are not equivalent in severity to any listed impairments.

Plaintiff contends that, similarly, the ALJ ignored evidence that she meets the requirements of Listings 1.02B, 1.04, 5.06, 14.09, and 14.10.  As already stated, this Court is not in a position to evaluate the medical evidence of record, but will note simply that, even to a layperson, the medical evidence suggests that Plaintiff's contentions are not frivolous.  The record shows a lengthy medical history, with several hundred pages of medical records.  The

4

summary of the medical evidence in the Commissioner's opposition brief is itself three pages long, and there is evidence that Plaintiff has longstanding and serious problems with gastrointestinal conditions such as chronic ulcerative colitis, as well as hip problems, spine problems, and carpal tunnel syndrome. On remand, the ALJ needs to analyze the record evidence in terms of the relevant Listings.

Under Third Circuit law, the ALJ has the obligation to identify and consider the listed impairments relevant to Plaintiff's severe impairments:

> The applicable regulations indicate that it is within the realm of the ALJ's expertise to determine the closest applicable listed impairment, based on the medical evidence, when examining whether a claimant's impairments meet or equal a listed impairment:
>
>> (a) How a medical equivalence is determined. We will decide that your impairment(s) is medically equivalent to a listed impairment in appendix 1 if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the medical criteria shown with the listed impairment. If your impairment is not listed, we will consider the listed impairment most like your impairment to decide whether your impairment is medically equal. If you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairment to determine whether the combination of your impairments is medically equal to any listed impairment.
>
> 20 C.F.R. § 404.1526 (1999). *See also Clifton v. Chater*, 79 F.3d at 1009 (noting, in reversing ALJ determination that claimant was not disabled at step three, that ALJ did not "even identify the relevant Listing or Listings"). Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103 (2000).

Burnett, 220 F.3d at 120. The ALJ's decision does not show that the ALJ met this obligation.

On remand, this defect should be remedied.

   The ALJ's step three determination is beyond meaningful judicial review. The ALJ's decision is vacated and the case will be remanded so that the ALJ, at step three, can provide an analysis of whether and why Plaintiff's severe impairments are or are not equivalent in severity to any listed impairments.

                  s/ Stanley R. Chesler
                  STANLEY R. CHESLER, U.S.D.J.

Dated: September 21, 2015